UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X Docket No.

BLUE ANGEL REALTY, INC.,

                         Plaintiff,                    **VERIFIED**
                                                       **COMPLAINT**

        -against-

BEN CARSON, SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, UNITED STATES
DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,
BUFFALO OFFICE, and LAURIE A. BEARDI,
CHIEF ACCOUNT EXECUTIVE BRANCH – ASSET
MANAGEMENT DIVISION, U.S. DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
MULTIFAMILY NORTHEAST REGION,
And JAMES C. BRYLINSKY, ESQ., CHIEF
COUNSEL, HUD BUFFALO and U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, BUFFALO OFFICE,
                         Defendants.
————————————————————————X

        BLUE ANGEL REALTY, INC., complaining of the defendants by its attorneys

FEDRIZZI & ASSOCIATES, P.C., hereby alleges as follows:

### INTRODUCTION

1.  The subject of this lawsuit is an apartment complex of commonly referred to as  Blandina

    Street Apartments, in the City of Utica, County of Oneida, State of New York.

2.  Said apartment complex, for taxing purposes, is comprised of five separate units, known

    and designated as 308 Blandina, 310 Blandina, 312 Blandina,  314 Blandina and 316-322

    Blandina.

3.  The plaintiff, BLUE ANGEL REALTY, INC., is currently the owner of all parcels as

    described above.

4. In 1996, the premises were originally acquired by a subsidiary of Utica Community Action from the City of Utica Urban Renewal Agency and were rehabilitated for the purposes of renting the apartments to low income and Section 8 individuals.

5. Utica Community Action subsidiary entered into a Regulatory Agreement, a Capital Advance Program use agreement and a grant with USA/HUD which became a lien.

6. On or about July 11, 1996, the real property described above, became encumbered with a "use agreement" or mortgage, duly recorded in the offices of Oneida County Clerk in which HUD "loaned" money to a prior owner, C.W.R. Housing Development Fund Corporation, pursuant to the capital advance program for capital improvement.

7. The amount advanced by the defendants was $1,024,600.00 and same was recorded.

8. Upon information and belief, that on or about the 19th day of August, 2004, the parcel in question was sold at tax sale by the City of Utica to United Four Inc. The sum collected was $2971.22 by deed dated June 24, 2005.

9. To correct errors made in the deed of June 24, 2005, a corporate quitclaim deed, filed February, 22, 2006 with the Department of Assessment and Taxation, Utica, cleared up any question that the parcel of land including 5 habitable structures.

10. C.W.B Housing Development Fund Corporation lost the property for back taxes and the tax certificate was sold to United Four, Inc., a Bona Fide Purchaser for value and the premises was conveyed pursuant to a City Tax Deed to United Four, Inc. in 2004.

11. C.W.B. Housing Development Fund Corporation quit claimed any interest that it may have had in the premises in 2006 to United Four, Inc.

12. Then in May, 2006, United Four, Inc. sold the premises by warranty deed to Blue Angel Realty, Inc. (The present owner and intended seller).

2

13.  Blue Angel Realty has been renting out its apartments to low income and Section 8 tenants ever since. This covers a span of approximately 13 years.

14. At the time of purchase, Blue Angel Realty, Inc. obtained fee title insurance, but unfortunately, Blue Angel's attorneys suffered a catastrophic flood loss and the policy could not be produced.

15. In addition, the Abstract Company that furnished the policy went out of business and none of the principals of the Abstract Company could be reached to find out where the Insurance Company's copy of the policy is located.

16.  On or about January 10, 2018, BLUE ANGEL REALTY, INC., entered into a contract for the sale of the afore described real property to Utica Municipal Housing Authority and said closing was to take place July, 2018.

17. However, said closing did not take place due to the existing lien filed by defendants placed on the property two owners prior, as set forth above.

18. Since there was no tax foreclosure on real property identified as 308 Blandina, 310 Blandina, 314 Blandina and 316-322 Blandina, the HUD lien on those properties was never eliminated.

19. Upon information and belief, HUD never removed the lien for the grant provided to C.W.R. Housing Fund upon the sale of the premises by C.W.R. Housing Fund (hereinafter referred to as "C.W.R.") to United Four, Inc.

20. As part of the process of purchasing the real property from plaintiff, BLUE ANGEL REALTY, INC., The Municipal Housing Authority of the City of Utica (UMHA), the proposed purchaser, is obtaining financing from a local bank and is buying title insurance.  The existence of the "open" HUD grant on the County Clerk's records is

3

causing substantial delay in closing which is causing the schedule for refurbishing the
property is severely thrown off.

21. In an effort to eliminate this "issue" of the HUD lien from the Capital
Improvement/Grant to C.W.R. , the purchaser, through its attorney's, was requesting
HUD's assistance in canceling the lien once and for all.

22. However, after extensive communications by the attorney's for the proposed purchasers
and the plaintiff, HUD still has not rendered a decision as to whether it will cancel the
lien on the real property in question, even though there were communications in August,
2018 in which the employees of HUD, specifically  JAMES C. BRYLINSKY, ESQ. and
LAURIE A. BEARDI indicated said lien should be cancelled.

23. Plaintiff has provided all documentation requested by the defendants and plaintiff has not
received any further communication from defendants since August, 2018.

24. As a result of the aforesaid, the plaintiff has sustained damages in excess of EIGHT
HUNDRED THOUSAND ($800,000.00) DOLLARS.

### PARTIES

25. Plaintiff, BLUE ANGEL REALTY, INC. is a duly formed corporation existing under and
by virtue of the laws of the State of New York.

26. Plaintiff, BLUE ANGEL REALTY, INC., maintains its principal place of business at 441
Lexington Avenue, Suite 1200, New York, New York 10017.

27. Plaintiff, BEDIS ZORMATI, is the President of said corporation.

28. Upon information and belief, that at all times hereinafter mentioned, defendant U.S.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD) is an

executive branch agency of the United States Government. It is charged with administering a variety of federally funded programs and funding sources.

29. Defendant BEN CARSON is the Secretary of HUD and is sued in his official capacity.

30. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD)

BUFFALO OFFICE is a branch of HUD, charged with administering a variety of federally funded programs and funding sources for a specific region including but not limited to the City of Utica, Oneida County, and State of New York.

31. Defendant, LAURIE A. BEARDI, is the Chief, Account Executive Branch – Asset Management Division, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, MULTIFAMILY NORTHEAST REGION, and is being sued in her official capacity.

32. Defendant, JAMES C. BRYLINSKY, ESQ., is the Chief Counsel for the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, BUFFALO OFFICE.

33. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, BUFFALO OFFICE, is the regional office with jurisdiction over the afore described property located in Utica, New York .

## JURISDICTION and VENUE

34. This Court has jurisdiction over this matter under 28 U.S.C. 1331 (laws arising under Constitution of United States; 28 U.S.C 1346 (United States as a defendant) and 28 U.S.S. 1361 (compel an agency to perform duty owed to plaintiff).

35. Venue is proper pursuant to 28 U.S.C. 1408 in that the plaintiff maintains its principal place of business in the Southern District.

## FACTUAL ALLEGATIONS

5

36. Plaintiff's repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "35" with the same force and effect as if more fully and at length set forth herein.

37. Plaintiff is the owner of real property known and designated as 308 Blandina, 310 Blandina, 312 Blandina, 314 Blandina and 316-322 Blandina, in the City of Utica, County of Oneida, and State of New York.

38. Plaintiff has been the owner of said parcels of real property since May 20, 2006.

39. The above described real property parcels are an apartment complex.

40. Plaintiff has operated said apartment complex as Section 8 Housing since taking possession of same on or about May 20, 2006.

41. That on January 10, 2018, the plaintiff, BLUE ANGEL REALTY, INC. entered into a written contract for the sale of said real property to Municipal Housing Authority of the City of Utica for the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS.

42. A closing was to take place July 20, 2018.

43. Said closing did not take place as the parties discovered the title was and still is encumbered by a mortgage from defendants which was not made part of the tax lien sale.

44. Plaintiffs', in good faith, have attempted to resolve this issue with defendants but to no avail; that while plaintiffs have provided all information and documentation requested by defendants, have created a time-line of events for the defendants, have unequivocally shown the defendants that the plaintiffs purchased the real property from United Four, Inc., also not the recipient of the mortgage from defendants, and have requested that the defendants clear title so the transaction could occur, the last communication received

6

from defendants was August 29, 2018 in which plaintiffs were told to "wait" while the documents were reviewed and the defendants would respond to plaintiffs with a resolution of the matter.

45. More than 6 months have elapsed and defendants have failed to resolve this issue with plaintiffs.

46. The purchaser, on September 13, 2018, has cancelled the contract of sale to purchase the real property in issue for $750,000.00 because plaintiffs could not close due to the cloud on title from HUD.

47. The purchaser has offered to purchase the real property for a significantly reduced amount from the original contracted purchase price of $750,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION

48. Plaintiff's repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "47" with the same force and effect as if more fully set forth at length herein.

49. The defendants were aware of the existence of a valid contract of sale between plaintiffs and Utica Municipal Housing Authority in that both the plaintiffs and the attorneys for Utica Municipal Housing Authority expressly, in writing and orally, advised the defendants of the existence of said contract for the sale of the premises in question to Utica Municipal Housing Authority.

50. The defendants held a recorded mortgage against the premises for funding provided to Utica Urban Renewal Agency and C.W.B. Housing Development Fund Corp. for said premises; this grant/capital improvement was recorded in 1996 and, upon information and belief, the defendants have failed to engage in any activity to collect said

7

grant/capital improvement;  in 2006, C.W.B Housing Development Fund Corp. sold the property to United Four, Inc., which was an arm's length transaction between two unrelated parties; the property was sold again from United Four, Inc. to the plaintiff Blue Angel Realty, Inc. on May 20, 2006.

51. The defendants have never engaged in any activity to collect on the mortgage at issue.

52. When plaintiffs purchased the real property in issue, the defendants' mortgage failed to appear as a cloud on title.

53. The defendants, through its agents, servants and employees, in particular Laurie Beardi, were aware of the contract of sale since same had been presented to them during negotiations to resolve this matter amicably, by plaintiffs; the defendants have failed to resolve this matter and have intentionally interfered with the contract of sale by failing to clear title; said interference was and is intentional in that the defendants, their agents, servants and employees, knew or should have known that the intentional delay in resolving the cloud on title would cause a breach of the agreement between plaintiffs and Municipal Housing Authority of the City of Utica; the interference on the part of the defendants has caused a breach of the contract of sale between plaintiffs and Municipal Housing Authority of the City of Utica; and, the plaintiff has sustained damages in excess of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS due to the tortious interference of contract by the defendants, their agents, servants and employees.

54. As a result of the tortious interference of contract by the defendants, their agents, servants and employees, plaintiffs have been damaged in a sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS, the selling price of the property, has incurred attorney's fees and expenses and the plaintiffs have been otherwise damaged and seek

$800,000.00 in damages plus punitive damages for the intentional conduct on the part of the defendants, their agents, servants and employees and treble damages, if permitted by law along with attorney's fees, interest, cost and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION TO QUIET TITLE

55. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs marked "1" through "54" with the same force and effect as if more fully and at length set forth herein.

56. Plaintiffs seek a declaratory judgment to quiet title and to remove the mortgage recorded against the real property in issue.

57. That said mortgage is a cloud on title.

58. Upon information and belief, the sums of monies had been provided by defendants to C.W.B. Housing Development Fund Corporation as part of a Capital Improvement program and the monies were issued on or about July 11, 1996.

59. The real property in issue had been sold by C.W.B. Housing Development Fund Corporation to United Four, Inc. in 2006 and said mortgage, upon information and belief, failed to appear as a cloud on title.

60. Subsequently, in or about May 20, 2006, United Four, Inc. sold the real property at issue to plaintiffs, Blue Angel Realty, Inc. and said mortgage failed to appear as a cloud on title.

61. Upon information and belief, the defendants have failed to take any steps from 1996 to the present to recoup any of the monies from the mortgagee, and said mortgage lien is not valid against the plaintiffs.

9

62. On or about January 11, 2018, the plaintiffs entered into a contract of sale for the real
    property at issue; said purchaser is Municipal Housing Authority of the City of Utica and
    the sale price is $750,000.00.  The closing was to take place on July 20, 2018.  During the
    title search, the aforesaid 1996 Capital Improvement  appeared as a cloud on title.

63. Plaintiffs and the attorney's for the purchasers, Municipal Housing Authority of the City
    of Utica, communicated with the defendants, their agents, servants and employees and
    provided a time-line as well as supporting documentation, all requested by defendants, in
    an effort to have the lien expunged.

64. The last communication with the defendants was that all was submitted to HUD and
    plaintiffs had to wait.

65. More than six months have elapsed without any further communication from defendants
    despite the plaintiff's attempts.

66. Municipal Housing Authority of the City of Utica has rescinded the contract.

67. Plaintiffs are the lawful owners of the real property at issue, the deed having been duly
    recorded; the plaintiffs never received  any capital improvement monies from the
    defendants; when plaintiffs took possession of the real property at issue, the capital
    improvement lien was not discovered during a title search, same having been conducted
    by a reputable title company in Utica, NY; the title had been insured and plaintiffs had
    received a clear title; that the capital improvement lien is not valid; that the defendants
    have failed to take any steps during the prior 22 years to protect and/or collect on the
    capital improvement grant and the capital improvement grant is invalid as against the
    plaintiffs; plaintiffs have a valid interest in the real property at issue and the defendants'

adverse claims concerning the capital improvement lien filed against the property is invalid and should be expunged.

68. Plaintiff seeks a declaratory judgment expunging the aforesaid defendants' capital improvement lien and clearing title

### THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT PURSUANT TO RPAPL 1515

69. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs marked "1" through "68" with the same force and effect as if more fully and at length set forth herein.

70. Plaintiffs seek a declaratory judgment pursuant to RPAPL 1515 to quiet title and to expunge the capital improvement grant recorded against the real property in issue.

71. That said capital improvement lien is a cloud on title.

72. Upon information and belief, the sums of monies had been provided by defendants to C.W.B. Housing Development Fund Corporation as part of a Capital Improvement program and the monies were issued on or about July 11, 1996.

73. The real property in issue had been sold by C.W.B. Housing Development Fund Corporation to United Four, Inc. in 2006 and said capital improvement grant, upon information and belief, failed to appear as a cloud on title.

74. Subsequently, in or about May 20, 2016, United Four, Inc. sold the real property at issue to plaintiffs, Blue Angel Realty, Inc. and said capital improvement grant failed to appear as a cloud on title.

75. Upon information and belief, the defendants have failed to take any steps from 1996 to the present to recoup any of the monies from the grantee, and said grantee lien is not valid against the plaintiffs.

11

76. On or about January 11, 2018, the plaintiffs entered into a contract of sale for the real property at issue; said purchaser is Municipal Housing Authority of the City of Utica and the sale price is $750,000.00.  The closing was to take place on July 20, 2018.  During the title search, the aforesaid 1996 Capital Improvement grant appeared as a cloud on title.

77. Plaintiffs and the attorney's for the purchasers, Municipal Housing Authority of the City of Utica, communicated with the defendants, their agents, servants and employees and provided a time-line as well as supporting documentation, all requested by defendants, in an effort to have the lien expunged.

78. The last communication with the defendants was that all was submitted to HUD and plaintiffs had to wait.

79. More than six months have elapsed without any further communication from defendants despite the plaintiffs' attempts.

80. Municipal Housing Authority of the City of Utica has rescinded the contract.

81. Plaintiffs are the lawful owners of the real property at issue, the deed having been duly recorded; the plaintiffs never received any capital improvement monies from the defendants; when plaintiffs took possession of the real property at issue, the capital improvement lien was not discovered during a title search, same having been conducted by a reputable title company in Utica, NY; the title had been insured and plaintiffs had received a clear title; that the capital improvement lien is not valid; that the defendants have failed to take any steps during the prior 22 years to protect and/or collect on the capital improvement grant and the capital improvement lien is invalid as against the plaintiffs; plaintiffs have a valid interest in the real property at issue and the defendants'

adverse claims concerning the capital improvement lien filed against the property is
invalid and should be expunged.

82. Plaintiff seeks a declaratory judgment expunging the aforesaid defendants' mortgage and
clearing title pursuant to RPAPL 1515.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

83. Plaintiff's repeat, reiterate and reallege each and every allegation contained in paragraphs
marked "1" through "82" with the same force and effect as if more fully set forth at
length herein.

84. The defendants held a recorded capital improvement grant against the premises for
funding provided to Utica Urban Renewal Agency and C.W.B. Housing Development
Fund Corp. for said premises; this grant was recorded in 1996 and, upon information and
belief, the defendants have failed to engage in any activity to collect said grant; in 2006,
C.W.B Housing Development Fund Corp. sold the property to United Four, Inc., which
was an arm's length transaction between two unrelated parties; the property was sold
again from United Four, Inc. to the plaintiff Blue Angel Realty, Inc. on May 20, 2006.

85. Plaintiff s are not the beneficiary of the alleged capital improvement grant provided by
defendants to C.W.B. Housing Development Fund Corp., an entity that has no
relationship with the plaintiffs; plaintiffs have never received any monies from the
defendants for the real property at issue; plaintiffs were unaware of an alleged recorded
capital improvement liens against the real property since same was never revealed during
a title search at the time plaintiffs purchased the property from United Four, Inc., also an
entity that, upon information and belief, was not and is not related to defendants and is

13

also not the beneficiary of the alleged capital improvement grant by defendants to C.W.B. Housing Development Fund Corp.

86. Upon information and belief, the defendants have never engaged in any activity to collect on the capital improvement grant at issue from the grantee.

87. When plaintiffs purchased the real property in issue, the defendants' capital improvement lien failed to appear as a cloud on title.

88. The defendants were aware of the existence of a valid contract of sale between plaintiffs and Utica Municipal Housing Authority in that both the plaintiffs and the attorneys for Utica Municipal Housing Authority expressly, in writing and orally, advised the defendants of the existence of said contract for the sale of the premises in question to Utica Municipal Housing Authority.

89. The defendants, through its agents, servants and employees, in particular Laurie Beardi and James C. Brylinsky, Esq., were aware of the contract of sale between Blue Angel Realty, Inc. and Municipal Housing Authority of Utica since same had been presented to them during negotiations to resolve this matter amicably, by plaintiffs; the defendants have failed to resolve this matter and have intentionally interfered with the contract of sale by failing to clear title; said interference was and is intentional in that the defendants, their agents, servants and employees, knew or should have known that the intentional delay in resolving the cloud on title would cause a breach of the agreement between plaintiffs and Municipal Housing Authority of the City of Utica; the capital improvement grant must be removed/expunged from the title; any attempt on the part of the defendants to collect the monies at the time of sale of the real property by plaintiffs to a third party would be unjust enrichment on the part of the defendants since plaintiffs were not the

14

recipient of the alleged capital improvement grant given to C.W.B. Housing
Development Fund; the defendants will benefit at the expense of the plaintiffs if
plaintiffs have to repay the capital improvement grant it never received; and equity and
good conscience require that the lien against title be expunged without the plaintiffs
having to satisfy said capital improvement grant.

90. As a result of the refusal of the defendants to expunge the lien on title, plaintiffs have
been or will be damaged in the sum equal to and/or greater than that of the note to
C.W.B. Housing Development Fund; plaintiffs have incurred attorney's fees and
expenses and the plaintiffs have been otherwise damaged and seek $800,000.00 in
damages plus punitive damages for the intentional conduct on the part of the defendants,
their agents, servants and employees and treble damages, if permitted by law along with
attorney's fees, interest, cost and disbursements.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR NEGLIGENCE

91. Plaintiff's repeat, reiterate and reallege each and every allegation contained in
paragraphs marked "1" through "90" with the same force and effect as if more fully set
forth at length herein.

92. The defendants, their agents, servants and employees held a recorded grant against the
premises for funding provided to Utica Urban Renewal Agency and C.W.B. Housing
Development Fund Corp. for said premises; this grant was recorded in 1996 and, upon
information and belief, the defendants have failed to engage in any activity to collect said
grant; in 2006, C.W.B Housing Development Fund Corp. sold the property to United
Four, Inc., which was an arm's length transaction between two unrelated parties; the

property was sold again from United Four, Inc. to the plaintiff Blue Angel Realty, Inc. on May 20, 2006.

93. Plaintiff s are not the beneficiary of the alleged capital improvement grant provided by defendants to C.W.B. Housing Development Fund Corp., an entity that has no relationship with the plaintiffs; plaintiffs have never received any monies from the defendants for the real property at issue; plaintiffs were unaware of an alleged recorded grant against the real property since same was never revealed during a title search at the time plaintiffs purchased the property from United Four, Inc., also an entity that, upon information and belief, was not and is not related to defendants and is also not the beneficiary of the alleged capital improvement grant by defendants to C.W.B. Housing Development Fund Corp.

94. Upon information and belief, the defendants have never engaged in any activity to collect on the grant at issue from the grantee.

95. When plaintiffs purchased the real property in issue, the defendants' grant failed to appear as a cloud on title.

96. The defendants were aware of the existence of a valid contract of sale between plaintiffs and Utica Municipal Housing Authority in that both the plaintiffs and the attorneys for Utica Municipal Housing Authority expressly, in writing and orally, advised the defendants of the existence of said contract for the sale of the premises in question to Utica Municipal Housing Authority.

97. The defendants, through its agents, servants and employees, in particular Laurie Beardi and James C. Brylinsky, Esq., were aware of the contract of sale between Blue Angel Realty, Inc. and Municipal Housing Authority of Utica since same had been presented to

them during negotiations to resolve this matter amicably, by plaintiffs; the defendants have failed to resolve this matter.

98. The defendants, their agents, servants and employees were negligent, careless and reckless in failing to remove the recorded grant once the premises were sold from the original grantee, C.W.B. Housing Development Fund Corp. (hereinafter referred to as "CWB") to United Four, Inc.; in failing to ensure that the capital improvement grant was satisfied from the sale of the proceeds between C.W.B. to United Four, Inc.; in failing to ensure that the grant/lien was expunged from the title; in failing to take any and all steps necessary to remove the lien from the title especially after plaintiffs notified the defendants of same and plaintiffs inability to proceed to closing due to the lien on title; in that the defendants, their agents, servants and employees owed the plaintiffs a duty to clear title; in that the defendants breached that duty and as a result, the plaintiff has been damaged in that the title is to their real property is not clear and plaintiffs cannot sell said property for fair value; that the defendants have carelessly, recklessly and negligently failed to act in a timely manner to clear said title; and in that the defendants, their agents, servants and employees have otherwise been negligent; that the plaintiffs have not contributed to this negligence in any manner and plaintiffs have been damaged.

99. As a result of the defendants' negligence, plaintiffs have been or will be damaged in excess of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS together with interest, costs and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR PRIMA FACIE TORT

17

100.      Plaintiff's repeat, reiterate and reallege each and every allegation contained in
paragraphs marked "1" through "99" with the same force and effect as if more fully set
forth at length herein.

101.      The defendants, their agents, servants and employees held a recorded capital
improvement grant against the premises for funding provided to Utica Urban Renewal
Agency and C.W.B. Housing Development Fund Corp. for said premises; this grant was
recorded in 1996 and, upon information and belief, the defendants have failed to engage
in any activity to collect said grant; in 2006, C.W.B Housing Development Fund Corp.
sold the property to United Four, Inc., which was an arm's length transaction between
two unrelated parties; the property was sold again from United Four, Inc. to the plaintiff
Blue Angel Realty, Inc. on May 20, 2006.

102.      Plaintiff s are not the beneficiary of the alleged capital improvement grant
provided by defendants to C.W.B. Housing Development Fund Corp., an entity that has
no relationship with the plaintiffs; plaintiffs have never received any monies from the
defendants for the real property at issue; plaintiffs were unaware of an alleged recorded
lien against the real property since same was never revealed during a title search at the
time plaintiffs purchased the property from United Four, Inc., also an entity that, upon
information and belief, was not and is not related to defendants and is also not the
beneficiary of the alleged capital improvement/mortgage by defendants to C.W.B.
Housing Development Fund Corp.

103.      Upon information and belief, the defendants have never engaged in any activity to
collect on the grant at issue from the grantee.

18

104.     When plaintiffs purchased the real property in issue, the defendants' recorded lien
failed to appear as a cloud on title.

105.     The defendants were aware of the existence of a valid contract of sale between
plaintiffs and Utica Municipal Housing Authority in that both the plaintiffs and the
attorneys for Utica Municipal Housing Authority expressly, in writing and orally, advised
the defendants of the existence of said contract for the sale of the premises in question to
Utica Municipal Housing Authority.

106.     The defendants, through its agents, servants and employees, in particular Laurie
Beardi, and James C. Brylinsky, Esq., were aware of the contract of sale between Blue
Angel Realty, Inc. and Municipal Housing Authority of Utica since same had been
presented to them during negotiations to resolve this matter amicably, by plaintiffs; the
defendants have failed to resolve this matter and the lien remains a cloud on title.

107.     The defendants, their agents, servants and employees had failed to remove the
recorded capital improvement lien once the premises were sold from the original grantee,
C.W.B. Housing Development Fund Corp. (hereinafter referred to as "CWB") to United
Four, Inc.; had failed to ensure that the capital improvement grant was satisfied from the
sale of the proceeds between C.W.B. to United Four, Inc.; had failed to ensure that the
lien was expunged from the title; have failed to take any and all steps necessary to
remove the lien from the title especially after plaintiffs notified the defendants of same
and plaintiffs inability to proceed to closing due to the lien on title; in that the defendants,
their agents, servants and employees owed the plaintiffs a duty to clear title but have
failed to do so; defendants have failed to act in a timely manner and have failed to resolve
the issue of the title with the plaintiffs so that the sale of the property at issue may

19

proceed; in that the defendants, their agents, servants and employees have maliciously

and intentionally injured the plaintiff in that they have failed to timely resolve the issue of

the cloud on title; the defendants' conduct has otherwise been lawful; the defendants'

conduct does not give rise to an action for some other tort; the defendants have no

legitimate excuse or justification for its conduct; that the plaintiff has suffered special

damages due to the defendants' conduct; and the plaintiff has been otherwise injured

without any comparative conduct on the part of the plaintiff contributing thereto.

108.     As a result of the defendants' prima facie tort, plaintiffs have been or will be

damaged in excess of EIGHT HUNDRED THOUSAND ($800,000.00) DOLLARS

together with interest, costs and disbursements.

109.     **WHEREFORE,** plaintiffs pray for relief on the FIRST CAUSE OF ACTION

SEVEN HUNDRED FIFTY THOUSAND ($750,000.00) DOLLARS, the selling price of

the property, has incurred attorney's fees and expenses and the plaintiffs have been

otherwise damaged and seek $800,000.00 in damages plus punitive damages for the

intentional conduct on the part of the defendants, their agents, servants and employees

and treble damages, if permitted by law along with attorney's fees, interest, cost and

disbursements; on the SECOND CAUSE OF ACTION Plaintiff seeks a declaratory

judgment expunging the aforesaid defendants' mortgage and clearing title; on the THIRD

CAUSE OF ACTION Plaintiff seeks a declaratory judgment expunging the aforesaid

defendants' mortgage and clearing title pursuant to RPAPL 1515; on the FOURTH

CAUSE OF ACTION  plaintiffs have been or will be damaged in the sum equal to and/or

greater than that of the note to C.W.B. Housing Development Fund; plaintiffs have

incurred attorney's fees and expenses and the plaintiffs have been otherwise damaged and

20

seek $800,000.00 in damages plus punitive damages for the intentional conduct on the

part of the defendants, their agents, servants and employees and treble damages, if

permitted by law along with attorney's fees, interest, cost and disbursements; on the

FIFTH CAUSE OF ACTION in excess of EIGHT HUNDRED THOUSAND

($800,000.00) DOLLARS together with interest, costs and disbursements; on the SIXTH

CAUSE OF ACTION  in excess of EIGHT HUNDRED THOUSAND ($800,000.00)

DOLLARS together with interest, costs and disbursements; on all causes of action,

attorney's fees, interest, costs and disbursements; treble damages and punitive damages.

Dated: Queens, New York
    April 8, 2019

Yours, etc.

Linda F. Fedrizzi, Esq. (lff3915)
Fedrizzi & Associates, P.C.
25-84 Steinway Street
Astoria, NY 11103
(718) 721-7600

## INDIVIDUAL VERIFICATION

State of New York      )

County of _Kings_      )ss:

I, BEDIS ZORMATI,  being duly sworn, deposes and says:

That I am the President for the plaintiff BLUE ANGEL REALTY, INC. in the within

action.  I have read the foregoing complaint and know the contents thereof.  The same are true to

my own knowledge, except as to the matters therein stated to be alleged on information and

belief, and as to those matters, I believe it to be true.

Nedzmina Cecunjanin
Notary Public, State of New York
No. 01CE6385201
Qualified in Kings County
Commission Expires December 31, 2022

4-10-2019

BEDIS ZORMATI
ON BEHALF OF BLUE ANGEL REALTY INC.

Sworn to before me this
day of _10_ , April 2019.

21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DOCKET NO.:

BLUE ANGEL REALTY, INC.,

                              Plaintiff,

        -against-

BEN CARSON, SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, UNITED STATES
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
BUFFALO OFFICE and LAURIE A. BEARDI, CHIEF ACCOUNT
EXECUTIVE BRANCH- ASSET MANAGEMENT DIVISION, U.S.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
MULTIFAMILY NORTHEAST REGION and JAMES C. BRYLINSKY, ESQ.,
CHIEF COUNSEL, HUD BUFFALO and U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, BUFFALO OFFICE,

                              Defendants.

---

SUMMONS AND
VERIFIED COMPLAINT

---

FEDRIZZI & ASSOCIATES, P.C.
25-84 Steinway Street
Astoria, NY 11103
(718) 721-7600
Fax: (718) 721-9892
Email: lffesq@yahoo.com

---

Attorney Certification:  The undersigned, an attorney duly admitted to practice in the United
States District Court, Southern District of New York, certifies, that pursuant to the federal rules,
that, upon information and belief and reasonable inquiry, the contentions contained in the above
referenced document(s) are not frivolous.

Dated:  Queens, New York
        April 11, 2019

                                              Linda F. Fedrizzi, Esq.